## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,**
**Respondent**

**vs) No. 14-0985** (Webster County 13-F-61)

**Coriana C., Defendant Below,**
**Petitioner**

**FILED**

August 31, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Coriana C., by counsel Daniel R. Grindo, appeals the Circuit Court of Webster County's September 9, 2014, order sentencing her to two consecutive terms of incarceration of not less than one nor more than five years following her conviction of two counts of gross child neglect.[1] The State, by counsel Shannon Frederick Kiser, filed a response. On appeal, petitioner alleges that the circuit court erred in admitting opinion testimony without a sufficient foundation and that the evidence was insufficient to support her conviction.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2013, petitioner was indicted on two counts of gross child neglect creating substantial risk of serious bodily injury or death in violation of West Virginia Code § 61-8D-4(c). These charges stemmed from petitioner allowing her children, then ages two and three, to reside in a home where she knew methamphetamine was being manufactured. Petitioner's trial commenced in July of 2014. During trial, the State presented testimony from several law enforcement officers concerning the evidence of methamphetamine production seized from the residence. Further, law enforcement testimony established that methamphetamine labs were found both inside the residence and approximately ten to fifteen feet outside the residence. Law enforcement testimony also established that the children's clothing was found in the same location as a methamphetamine lab and that the children lived in the home when methamphetamine was manufactured.

The State also presented testimony from petitioner's co-defendant, Burton M. According to Burton M., petitioner lived in his residence with her boyfriend, Ora W., and their children. Burton M. testified that he and Ora W. made methamphetamine together during the time petitioner and the children lived in the home, and further identified drug paraphernalia seized from the children's bedroom. The State then introduced a recorded statement by Burton M. from

---

[1]In keeping with this Court's policy of protecting the identity of minors, we will refer to petitioner by her last initial throughout this memorandum decision.

the night of his arrest wherein he told police that "everybody . . . pretty much knew" about the methamphetamine operation. Burton M. then attempted to mitigate that statement by testifying that only he and Ora W. knew of the methamphetamine production. At the close of the State's case, petitioner moved for a judgment of acquittal. The circuit court denied this motion and petitioner elected to rest without presenting any evidence or witnesses. Ultimately, the jury returned verdicts of guilty on both counts.

Following trial, petitioner moved the circuit court to set aside the verdict and grant her a new trial on the basis of insufficient evidence and improper expert testimony. In August of 2014, the circuit court held a sentencing hearing, during which it denied petitioner's motion to set aside the verdict and grant her a new trial. The circuit court then sentenced petitioner to two consecutive terms of incarceration of not less than one nor more than five years. It is from the sentencing order that petitioner appeals.

We have previously held that

> "[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syl. Pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 4, *State v. Chic-Colbert*, 231 W.Va. 749, 749 S.E.2d 642 (2013). Upon our review, we find that the evidence was sufficient to support petitioner's conviction. Petitioner was convicted of gross child neglect under West Virginia Code § 61-8D-4(c), which states that "[i]f a parent . . . grossly neglects a child and by that gross neglect creates a substantial risk of death or serious bodily injury . . . then the parent . . . is guilty of a felony[.]" While petitioner argues that no evidence was presented that she knew methamphetamine was being produced or that the children were exposed to such production, the Court finds that the circumstantial evidence at trial does not support this argument.

Petitioner relies on the testimony of Burton M. to argue that methamphetamine was not manufactured inside the residence and that she had no knowledge of production elsewhere. However, the State presented substantial evidence to the contrary. Specifically, Burton M. testified as to the manner in which he and Ora W. manufactured methamphetamine, detailing that the two would combine precursors in a soda bottle to make the drug. According to testimony, this method of methamphetamine production is referred to as "shake and bake." Moreover, law enforcement officers testified that they found these "shake and bake" methamphetamine labs inside the home. The record further shows that the State established that methamphetamine

production occurred inside the home, that drug residue was found inside the home, and that methamphetamine precursors and other drug paraphernalia were found inside the home. As to the children's exposure to this process, petitioner admitted that she had been staying in the home and this was corroborated by Burton M.'s testimony. Burton M.'s testimony further established that petitioner and the children resided in the home during the timeframe he was manufacturing methamphetamine. Finally, a law enforcement officer testified that the children's clothing was found in the same room as a methamphetamine lab.

While it is true that Burton M. testified that petitioner did not know about the methamphetamine production in the home, the State's evidence proved otherwise. Specifically, Burton M.'s testimony on this issue was impeached by his prior recorded statement, wherein he said that "everybody . . . pretty much knew" that he was manufacturing methamphetamine at the home. Further, the State presented evidence that petitioner used the methamphetamine that Burton M. and Ora W. produced. We have previously held that "'[t]he jury is the trier of the facts and in performing that duty it is the sole judge as to the weight of the evidence and the credibility of the witnesses.' Syl. Pt. 2, *State v. Bailey*, 151 W.Va. 796, 155 S.E.2d 850 (1967)." Syl. Pt. 2, *State v. Martin*, 224 W.Va. 577, 687 S.E.2d 360 (2009). Based upon the evidence presented, the jury was free to weigh Burton M.'s credibility concerning petitioner's knowledge of the methamphetamine production. As such, it is clear that the circumstantial evidence established that petitioner allowed the children to be exposed to methamphetamine production. For these reasons, we find that the evidence was sufficient to support petitioner's conviction.

As to petitioner's argument that the circuit court improperly allowed opinion testimony, we find no error in this regard. In support of this assignment of error, petitioner alleges that the circuit court erred in allowing lay witnesses to refer to certain materials as "meth labs" during trial. According to petitioner, these witnesses were not qualified as experts and therefore should not have been allowed to offer their opinions as to whether these materials constituted methamphetamine labs. However, petitioner's argument on this issue totally ignores the fact that Burton M. admitted that these materials were methamphetamine labs, specifically "shake and bake" labs as described above. Moreover, petitioner also ignores the fact that expert testimony below corroborated Burton M.'s testimony. As such, there is no dispute as to the fact that the materials in question constituted methamphetamine labs. For these reasons, the circuit court did not err in allowing witnesses, both lay and expert, to refer to them as the same.

For the foregoing reasons, the circuit court's September 9, 2014, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: August 31, 2015

**CONCURRED IN BY**:
Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II